# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEOLA WRENN, on behalf of ) <br> PATRICIA WRENN, deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> Commissioner of Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) | Case No. CIV-03-350-KEW |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket Entry #25). The Motion is at issue and ripe for ruling.

On September 23 1999, Plaintiff protectively filed her application for disability insurance benefits. On October 19, 1999, Plaintiff filed her first application for benefits, alleging a disability onset date of October 8, 1999. On November 30, 2001, the Administrative Law Judge ("ALJ") assigned to evaluate Plaintiff's application issued a decision, finding Plaintiff was not disabled during the relevant period. The Appeals Council remanded the case on March 6, 2002 for further proceedings.

On August 21, 2000, Plaintiff again applied for disability benefits, protectively filed on August 16, 2000. On September 24, 2002, the ALJ determined Plaintiff was not disabled. The ALJ's decision was upheld by the Appeals Council.

On June 23, 2003, Plaintiff's attorney filed this action. On June 3, 2004, this Court entered its decision, reversing the ALJ's decision and remanding the case for further consideration. As a

result, on July 15, 2004, this Court awarded Plaintiff's attorney $5,306.80 in fees and $163.26 in costs in accordance with the Equal Access to Justice Act ("EAJA").

Upon remand, on August 29, 2005, the ALJ issued a favorable decision to Plaintiff. On October 2, 2005, a Notice of Award was issued by Defendant, indicating Plaintiff was to be awarded past due benefits in the amount of $51,658.00. Plaintiff's attorney filed a fee agreement with Defendant, which was approved. As a result, counsel received $4,000.00 for work at the administrative level pursuant to 42 U.S.C. § 406(a). Prior to the commencement of this case, Plaintiff's counsel and Plaintiff had executed a contingency fee agreement, providing for the payment of 25% of Plaintiff's past due benefits as an attorney fee, should Plaintiff's counsel be successful in obtaining said benefits.

Plaintiff's attorney seeks an award of $12,914.50 for his efforts in obtaining the successful reversal and remand of the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g) after an appeal of this Court's decision affirming the Administrative Law Judge and, ultimately, an award of benefits. Plaintiff's counsel words his request, however, as seeking approval of the full amount but the release of $7,607.70 of the funds currently withheld from Plaintiff's past due benefits. Additionally, in calculating the percentage portion of the past due benefits his fees represents, Plaintiff's attorney states when the requested $7,607.70 is combined with the EAJA fees already awarded, his total fees only represent 15.0% of Plaintiff's past due

benefits.

Defendant objects to the fee requested, asserting (1) Plaintiff's attorney should not be permitted to couch his fee request in terms of a net fee from the EAJA fees already awarded; and (2) Plaintiff's attorney's fee request under both §§ 406(a) and 406(b) in the aggregate should not exceed 25% of the past due benefits awarded to Plaintiff. Defendant does not provide evidence or argument in her briefing which would contend the award of a 25% contingency fee would *per se* be unreasonable, given the time and effort provided by Plaintiff's counsel in this case.

**Criteria for Evaluating Fee Requests Post-*Gisbrecht***

In May of 2002, the United States Supreme Court considered the proper calculation of claimant's attorney's fees under 42 U.S.C. § 406(b) in the case of Gisbrecht v. Barnhart, 535 U.S. 789 (2002). Prior to Gisbrecht, the Tenth Circuit Court of Appeals had ruled the proper method of calculating fees was represented in determining the "lodestar amount." Hubbard v. Shalala, 12 F.3d 946, 948 (10th Cir. 1993). As with most areas of litigation utilizing this method, the "lodestar" in the Social Security case context required a determination of the reasonable amount of hours expended by counsel in the course of representation and multipying those hours by a reasonable hourly rate.

With the issuance of Gisbrecht, however, the legal landscape in this area changed dramatically. The Supreme Court determined §

406(b)(1)(A)[1] by its language "does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling." Gisbrecht, 535 U.S. at 800. Consequently, the Supreme Court concluded "[m]ost plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Gisbrecht, 535 U.S. at 807.

Although courts were directed to give effect to contingency fee agreements, fees available under § 406(b), awarded for representation before the court, remained subject to the court's review for reasonableness. Id. Specifically, the Supreme Court found

> . . . § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary, . . ., the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht, 535 U.S. at 807.

---

[1] 42 U.S.C. § 406(b) states:

(b) Attorney fees

(1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

In evaluating the reasonableness of a fee request, the court is instructed to examine the "character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808. A reduction in the contingency fee requested might be warranted if the claimant's counsel is responsible for delay in the progression of the case or if the benefits are large in comparison to the amount of time counsel spent on the case. Id. The court may also require time and expense records accompany the request as well as a breakdown as to the hourly rate charged by counsel. Id. Further clarity or guidance as to the precise analysis of the request or basis for reduction required in the "reasonableness" evaluation is conspicuously absent from the Gisbrecht opinion. The only certainty in this evaluation derived from Gisbrecht is that the "lodestar" method is inappropriate to determine reasonableness. Id. at 793.

The limited role of Defendant in the reasonableness inquiry is also acknowledged by the Supreme Court. The Commissioner of Social Security "has no direct financial stake in the [court's determination]; instead, she plays a part in the fee determination resembling that of a trustee for claimants." Id. at 798 n.6.

The Supreme Court also discussed the differences between the various fees available for recovery by the claimant's attorney. Fees are also available for an attorney's representation of a claimant before the agency by virtue of the authorization found in

5

42 U.S.C. § 406(a)[2]. EAJA fees are awarded from agency funds when the Government's position in an appeal from a benefits decision is

---

[2] 42 U.S.C. § 406(a) specifically provides with regard to fees:

(a) Recognition of representatives; fees for representation before Commissioner of Social Security

(1) . . . The Commissioner of Social Security may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Commissioner of Social Security under this subchapter, and any agreement in violation of such rules and regulations shall be void. Except as provided in paragraph (2)(A), whenever the Commissioner of Social Security, in any claim before the Commissioner for benefits under this subchapter, makes a determination favorable to the claimant, the Commissioner shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with the regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

(2)(A) In the case of a claim of entitlement to past-due benefits under this subchapter, if --

(i) an agreement between the claimant and another person regarding any fee to be recovered by such person to compensate such person for services with respect to the claim is presented in writing to the Commissioner of Social Security prior to the time of the Commissioner's determination regarding the claim,

(ii) the fee specified in the agreement does not exceed the lesser of --

(I) 25 percent of the total amount of such past-due benefits (as determined before any applicable reduction under section 1320a-6(a) of this title), or

(II) $4,000 [raised to $5,300.00 in 2002], and

(iii) the determination is favorable to the claimant,

then the Commissioner of Social Security shall approve that agreement at the time of the favorable determination, and (subject to paragraph (3)) the fee specified in the agreement shall be the maximum fee. The Commissioner of Social Security may from time to time increase the dollar amount under clause (ii)(II) to the extent that the rate of increase in such amount, as determined over the period since January 1, 1991, does not at any time exceed the rate of increase in primary insurance amounts under section 415(i) of this title since such date. The Commissioner of Social Security shall publish any such increased amount in the Federal Register.

(Bracketed information added by this Court).

not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). The calculation of these fees are accomplished through application of the "lodestar" method. Gisbrecht, 535 U.S. at 796. However, an attorney is required to refund the smaller of the fees awarded through EAJA and § 406(b). Id. It is against this legal backdrop that this Court examines Plaintiff's attorney's request in this case.

**Fees Included Within Contingency Fee Limitations**

Defendant first challenges Plaintiff's attorney's fee request by asserting exceeds the 25% of past due benefits permitted by §406. The fee request of $12,914.50 does indeed represent 25% of the $51,658.00 of past due benefits awarded to Plaintiff. Plaintiff's attorney, however, contends the $4,000.00 in § 406(a) fees should not be deducted from the 25% of benefits recovered, contending this position "is simply not consistent with a clear reading of the statute." Plaintiff's attorney then makes a statutory construction argument in support of his position. Plaintiff's attorney also contends the agency policy is contrary to Defendant's stated position. Plaintiff's attorney draws a distinction between cases where the agency work was performed by a different attorney than the counsel representing the claimant at the Federal Court level. As a result, Plaintiff's attorney concludes the fee can clearly exceed 25 percent of such past-due benefits but that only 25 percent of past due benefits will be

withheld by the agency.

Plaintiff's attorney begins his analysis of this issue from a faulty premise - that a new 25% is allotted from the past due benefits award for the payment of attorney's fees under § 406(b). The case authority roundly rejects this position and restricts the award of fees under both § 406(a) and (b) to 25% of past due benefits.  *See*, Frazier v. Bowen, 240 F.3d 1284, 1287 (10th Cir. 2001) citing Harris v. Sec. of Health & Human Servs., 836 F.2d 496, 498 (10th Cir. 1987); Faircloth v. Barnhart, 398 F.Supp.2d 1169, 1172-73 (D. N.M. 2005); Mitchell v. Barnhart, 376 F.Supp.2d 916, 921 (S.D. Iowa 2005) citing Burnett v. Heckler, 756 F.2d 621, 626 (8th Cir. 1985); Kopulos v. Barnhart, 318 F.Supp.2d 657, 661 (N.D. Ill. 2004); Brannen v. Barnhart, 2004 WL 1737443, 3 (E.D. Tex.) citing Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir. 1970); Bartrom v. Barnhart, 2003 WL 21919181, 2-3 (N.D. Ind.); Coppett v. Barnhart, 242 F.Supp.2d 1380, 1382 (S.D. Ga. 2002).[3]  To rule otherwise would subject claimants to awards in excess of the statutory limit.

Plaintiff's attorney attaches a copy of a contingency fee contract to his Motion which allows a 25% contingency fee for

---

[3] This Court has taken the liberty to cite to various unpublished decisions from courts which have considered this issue to exemplify the unanimity of the position.

prevailing before the Federal Court.[4] Regardless of this limitation in scope, any attorney fee awarded under this contract which did not consider the fees awarded for agency work under § 406(a) would clearly violate the statutory cap. One thing is certain – the Supreme Court in Gisbrecht has made it abundantly clear the 25% limitation is sacrosanct.

Moreover, the fact Plaintiff's attorney did not represent Plaintiff at the administrative level is of no moment to this Court's decision. The 25% limitation was not imposed only to protect claimant's attorneys from nonpayment of their fees but also "to protect claimants from 'inordinately large fees.'" Gisbrecht, 535 U.S. at 805. The manner in which the fees are divided among counsel is a matter for their discretion, without this Court's involvement. As a result, Plaintiff's attorney's fee request will be limited to the remainder of 25% of past due benefits awarded to Plaintiff, after the deduction of § 406(a) fees awarded by the Commissioner.

**Calculation of the Percentage Limitation in Light of EAJA Award**

Defendant also asserts the method of calculating § 406(b) fees utilized by Plaintiff's attorney whereby the court would only

---

[4] Plaintiff's attorney sets forth in some detail the two methods of obtaining fees for agency work under § 406(a), contending the 25% limitation only applies to those instances where payment was made by use of the alternative fee agreement presented to the Commissioner for payment. Since counsel representing Plaintiff before the agency admittedly received the statutory maximum of $5,300.00, it is presumed fees were sought under this latter method.

9

consider the propriety of the net fee sought by counsel is inappropriate. Plaintiff's counsel states he is, in fact, seeking approval for fees in the full amount and not a net amount. Plaintiff's counsel states he was only pointing out the net fee after EAJA fees have been considered in the calculation. As previously related in this decision, EAJA fees are paid by the agency for a position taken which is not substantially justified - a form of penalty. Fees awarded under § 406(b) are paid from a claimant's past due benefits for a successful outcome. The smaller of these two amounts is refunded to the claimant to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987). Combining the two awards to evaluate a net fee under § 406(b) for its propriety is not permitted. Yarnevic v. Apfel, 359 F.2d 1363, 1366 (N.D. Ga. 2005) citing Gilbrecht, 535 U.S. at 796. But since Plaintiff's counsel is not urging this position, the issue is academic.

**Evaluation of the Award**

The maximum possible fee which this Court could award to Plaintiff's attorney under § 406(b) is $8,914.50, representing the $12,914.50 (25% of $51,658.00) less the § 406(a) fees of $4,000.00 awarded by the Commissioner. Defendant does not challenge the reasonableness of this amount, in light of the work performed and the result obtained. This Court finds the award to be appropriate and reasonable in this case and shall be awarded in full.

10

IT IS THEREFORE ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket Entry #25) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $8,914.50. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 15th day of June, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE