IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LEOLA WRENN o/b/o, )
Patricia L. Wrenn, Deceased, )
                              )
            Plaintiff,        )
                              )
v.                            ) Case No. CIV-03-350-KEW
                              )
MICHAEL J. ASTRUE,            )
Commissioner of Social        )
Security Administration,      )
                              )
            Defendant.        )

**OPINION AND ORDER**

This matter comes before this Court on the reversal and remand of this Court's Opinion and Order entered June 15, 2006 by the Tenth Circuit Court of Appeals on June 30 2008. Based upon that decision on appeal, this Court finds the prior Opinion and Order should be vacated and replaced by this decision.

In the original Motion seeking fees, Counsel requested that they be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $12,914.50. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

Counsel filed Plaintiff's opening and reply brief. Counsel obtained a reversal and remand of the ALJ's decision. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to

Justice Act ("EAJA") for the efforts before this Court in the amount of $5,306.80 in fees and $163.26 for costs. On remand, the ALJ issued a fully favorable decision. Plaintiff was notified he was awarded past due benefits of $51,658.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). Recently, the Tenth Circuit Court of Appeals determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). Wrenn v. Astrue, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." Id. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

This Court has independently reviewed the fee request. Upon such review, the requested fees are reasonable in light of the results obtained under the prevailing case authority.

Additionally, § 406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While

relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted). Considering the tortured history of this case on appeal and the subsequent delay in awarding fees through no fault of counsel, this Court cannot find the delay which occurred in this case warrants the draconian result of denying an award of fees. Therefore, the request is considered timely.

IT IS THEREFORE ORDERED that this Court's Opinion and Order entered June 15, 2006 (Docket Entry #31) is hereby **VACATED**.

IT IS FURTHER ORDERED that the Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Docket Entry #25) is hereby **GRANTED**. Plaintiff's counsel is awarded fees in the amount of $12,914.50 and Defendant is directed to pay this fee directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 4th day of October, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

3